UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS HOWE<br>*Plaintiff* | : : : : : | CASE ACTION NO.: |
| v. | : : | JURY TRIAL REQUESTED |
| WAL-MART STORES EAST, LP<br>*Defendant* | : : : | JUNE 22, 2017 |

## COMPLAINT

**INTRODUCTION:**

1. This is an action to redress disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"), and violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (the "ADEA").

**PARTIES AND JURISDICTION:**

2. Plaintiff, Thomas Howe ("Plaintiff"), was at all times set forth herein a resident of the Town of Torrington, State of Connecticut.

3. The defendant, Wal-Mart Stores East, LP ("Defendant" or "Defendant "Company"), is a corporation organized under the laws of the State of Delaware. It has a corporate headquarters and primary place of business located at 702 SW 8th Street, Bentonville Arkansas, 72716, and operates one of its many retail stores at 970 Torringford Street, in the Town of Torrington, Connecticut.

4. Plaintiff filed a timely administrative complaint with Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC"). Plaintiff received a

Dismissal and Notice of Rights letter from the EEOC on or about June 12, 2017. This complaint is brought within ninety (90) days of receipt of said Dismissal and Notice of Rights letter, which is attached hereto as **Exhibit A**. As such, Plaintiff has exhausted his administrative remedies and this action is timely.

5. Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §1331, federal question jurisdiction, as the Defendant's claims arise under the laws of the United States, specifically, the ADA and the ADEA.

**FACTS:**

6. Plaitniff is currently 68 years old. At the time of the Defendant's termination of his employment, he was 66 years old. Plaintiff has diagnoses of diabetes, borderline manic/depressive disorder, and a diagnosis of benign prostatic hypertrophy, a condition which causes him to need to use the bathroom frequently and urgently.

7. The aforesaid conditions substantially limit one or more of Plaintiff's major life activities; Plaintiff has a history of such medical conditions; and/or Defendant perceived Plaintiff as having a disability.

8. The Defendant discriminated against Plaintiff on the basis of his age and the aforesaid disabilities, failed to reasonably accommodate Plaintiff on the basis of his medical conditions, harassed Plaintiff on account of his age, and ultimately terminated his employment on the basis of his age and his disabilities.

9. Plaintiff commenced his employment with Defendant on or about August 16, 2003 as a courtesy associate. Throughout the duration of his employment, Plaintiff mainly performed tasks associated with collecting carts from Defendant's parking lot,

though Plaintiff often performed other duties at the request of his managers.

10. Throughout the course of his employment with Defendant, and until the wrongful termination thereof on June 15, 2015, Plaintiff was a good employee, as evidenced by the long tenure of his employment, and positive written and oral feedback with respect to his performance.

11. Despite his diagnoses, Plaintiff has always been able to perform the essential functions of his job, and has consistently been a good worker.

12. Defendant Store Manager, Fred Fuller, during the last two years of Plaintiff's employment, harassed Plaintiff, and made derogatory and abusive comments toward Plaintiff on the basis of his age and his disability.

13. By way of example, Fuller would consistently refer to Plaintiff as "old man."

14. Approximately two years prior to the termination of Plaintiff's employment, Plaintiff was first diagnosed with prostatic hypertrophy. At the time, Plaintiff made Defendant aware of his condition in order to apprise them of the fact that Plaintiff would sometimes need to urgently visit the restroom. Plaintiff's physician forwarded doctor's notes setting forth the nature of his condition.

15. Plaintiff also made Defendant aware of his mental health condition, as well as his diabetes diagnosis, which, on occasion, would cause Plaintiff extreme discomfort or pain in his lower extremities if Plaintiff remained out in the cold for extended periods of time. Plaintiff's medical providers forwarded notes to Defendant setting out the fact that Plaintiff had been diagnosed with diabetes.

16. Based on his diagnoses and concomitant symptoms, Plaintiff began requesting that he be permitted to work inside the store, as opposed to consistently

being required to be out in the colder weather, as well as further from the bathroom. In or about December of 2014, Plaintiff requested information from Defendant about intermittent FMLA and/or a request for a reasonable accommodation.

17. On each occasion Plaintiff made such requests, there was ample work to be performed inside, and his requests were reasonable, as Plaintiff would often times perform work inside at the request of his supervisors when he was not outside retrieving carts.

18. Despite the reasonableness of his requests, Defendant consistently denied or ignored his requests. On one particular occasion, and in response to his request to work inside, Fred fuller stated to Plaintiff, "As long as you're here, old man, you're going to be outside."

19. Despite the harassment, Plaintiff continued to perform his job to the best of his abilities, and Plaintiff was well-liked by frequent customers of the store, who would make an effort to say hello to him.

20. However, on or about June 14, 2015, and while Plaintiff was taking his normal break period after retrieving store carts, a situation occurred whereby the Store Manager, Fred Fuller, requested that Plaintiff assist a customer with her carriage.

21. At the same moment, and while Plaintiff was on break, Plaintiff had an episode involving an urgent need to use the restroom related to his prostate condition.

22. At the time, Plaintiff apologized to Fuller, and stated to him that Plaintiff urgently needed to go to the bathroom. Fuller was aware of Plaintiff's condition at the time. Despite this, Fuller screamed at Plaintiff in front of the customer as Plaintiff proceeded to the bathroom. From what Plaintiff was able to observe, it also appeared

to him as if the customer he had asked Plaintiff to assist did not in fact need any help with her carriage.

23. The following day, on or about June 15, 2015, Plaintiff was called into a meeting with Defendant's Assistant Store Manager, Dan Lima, who inquired, "Do you know what you did wrong yesterday?" Plaintiff responded by informing him that he did not believe he had done anything wrong, as he had an urgent need to go to the bathroom.

24. Mr. Lima responded by telling Plaintiff, "We want you gone," terminating Plaintiff's employment.

**FIRST COUNT:** **Failure to Accommodate in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.**

1. Plaintiff repeats and realleges paragraphs 1 through 24 above, and incorporates them fully as if stated in this First Count.

25. Defendant failed to accommodate Plaintiff's disabilities, despite the fact that with accommodation, he could perform all the essential functions of his position.

26. Defendant failed entirely to engage in the interactive process in order to ascertain if a reasonable accommodation existed which would allow Plaintiff to perform the essential functions of his position.

27. The foregoing conduct of the defendant constitutes a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA")

28. As a result of the defendant's violation of the ADA, Plaintiff has suffered monetary damages, lost wages, emotional distress and has incurred attorney's fees and costs in order to secure the rights to which he is entitled.

**SECOND COUNT:**     Wrongful Termination in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

1. Plaintiff repeats and realleges paragraphs 1 through 24 above, and incorporates them fully as if stated in this Second Count.

25. Defendant discriminated against Plaintiff and ultimately terminated his employment on the basis of his disabilities, or its perception of him as having a disability.

26. The foregoing conduct of Defendant constitutes a violation of the ADA.

27. As a result of Defendant's violation of the ADA, Plaintiff has suffered monetary damages, lost wages, emotional distress, and has incurred attorney's fees and costs in order to secure the rights to which he is entitled.

**FOURTH COUNT:**     Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

1. Defendant repeats and realleges paragraphs 1 through 24 of the Second Count, and incorporates them fully as if stated in this Fourth Count.

25. Defendant Company discriminated against Plaintiff on account of his disabilities in the terms and conditions of his employment, subjected him to disparate treatment on account of his disabilities, and ultimately terminated his employment on account of his disabilities.

26. The foregoing conduct of Defendant constitutes a violation of the ADA.

27. As a result of Defendant's violation of the ADA, Plaintiff has suffered monetary damages, lost wages, and emotional distress, and has incurred attorney's fees and costs in order to secure the rights to which she is entitled.

**FIFTH COUNT:**   Age Discrimination in Violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*

1. Plaintiff repeats and realleges paragraphs 1 through 24 above, and incorporates them fully as if stated in this Fifth Count.

25. The Defendant terminated Plaintiff's employment and discriminated against Defendant in the terms, conditions and/or privileges of his employment on the basis of his age.

26. The foregoing conduct of the defendant constitutes a violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*.

27. As a result of the defendant's violation of the ADEA, Plaintiff has suffered monetary damages, lost wages, emotional distress and incurred attorney's fees and costs in order to secure the rights to which he is entitled.

PLAINTIFF,
THOMAS HOWE

By: _____
Matthew P. Paradisi, Esq. (ct29915)
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
mparadisi@cicchielloesq.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **THOMAS HOWE** | : | **CASE ACTION NO.:** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **JURY TRIAL REQUESTED** |
| | : | |
| **WAL-MART STORES EAST, LP** | : | |
| *Defendant* | : | **JUNE 22, 2017** |

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant prays for the following relief:

1. Money damages;

2. Reinstatement or front pay;

3. Damages for emotional distress;

4. Punitive damages;

5. Reasonable attorney's fees and costs; and

6. Such other relief as is allowable by law.

PLAINTIFF,
THOMAS HOWE

By: _____
Matthew D. Paradisi, Esq. (ct29915)
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
mparadisi@cicchielloesq.com

8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
:
**THOMAS HOWE** : CASE ACTION NO.:
   *Plaintiff* :
:
:
**v.** : JURY TRIAL REQUESTED
:
**WAL-MART STORES EAST, LP** :
   *Defendant* : JUNE 22, 2017
_____:

### PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff in the above captioned matter, Thomas Howe, demands a trial by jury in this action of all issues so triable.

Dated at Hartford, Connecticut this 22nd day of June, 2016.

                                    PLAINTIFF,
                                    THOMAS HOWE

                              By: _____
                                    Matthew D. Paradisi, Esq. (ct29915)
                                    CICCHIELLO & CICCHIELLO, LLP
                                    364 Franklin Avenue
                                    Hartford, CT 06114
                                    Tel: (860) 296-3457
                                    Fax: (860) 296-0676
                                    mparadisi@cicchielloesq.com

# EXHIBIT A

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Thomas Howe<br>246 Tolland Street Apt 2-E<br>East Hartford, CT 06108 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

MAR 16 2017

[ ]    On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2016-01074 | Amon L. Kinsey, Jr.,<br>Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)     **Charging Party is pursuing claim in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Kenneth An*

MAR 0 2 2017

Enclosures(s)

Feng K. An,
Area Office Director

*(Date Mailed)*

cc:

**WALMART STORES LP**
C/O Littler Mendelson P.C. Scott A. Forman,
Shareholder
2301 Mcgee Street Suite 800
Kansas City, MO 64108